******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

D'AURIA, J., concurring. Although I join the majority opinion in full, I agree in part with observations Justice Ecker makes in part III of his dissenting opinion concerning the identifiable victim-imminent harm exception to governmental immunity. Specifically, I am skeptical that the doctrinal validity of this exception can be based on whether a plaintiff "was compelled to be at the location where the injury occurred  . . . ." (Internal quotation marks omitted.) *Strycharz* v. *Cady*, 323 Conn. 548, 576, 148 A.3d 1011 (2016), overruled in part on other grounds by *Ventura* v. *East Haven*, 330 Conn. 613, 199 A.3d 1 (2019). The appropriate doctrinal underpinnings and limits of this exception would be useful to explore in a future case. I am satisfied, however, that the exception does not save the plaintiff's cause of action from defeat in this case.